Brady, J.
It will have been perceived that K., H. & Co., No. 2, as it was designated herein, was a new firm consisting of new partners. They had nothing to do with the transactions between K., H. & Co., No. 1, and the defendant, Hotchkiss; and were not responsible to him in any way for any of the transactions which he had with the old firm. They agreed to take the account between Hotchkiss and the old firm as it stood on the first of January, 1882, with the collaterals held as security for the debit balance, and which balance was assigned to the new firm and the col-laterals transferred to and held by it.
It is quite apparent that the amount of the balance was of little consequence, provided the firm was satisfied with the collaterals, and provided, of course, that Hotchkiss assented to the transfer and agreed to the correctness of the amount charged to him by the new firm. It was conceded that Hotchkiss admitted the right of the new firm to charge him with a debit balance of §189,035.77, and it was also conceded that the value of the collaterals delivered to the new firm by the old on the 1st of January, 1882, was $210,875. It also appears that on the 11th of March, 1882, the balance due by Hotchkiss, as shown by their books, was $188,816.13, on which day they sold the collaterals belonging to him in part satisfaction of the balance due by him, and it appears that this sale was made in hostile proceedings against him, and after a demand for payment of the indebtedness then due, $188,816.13.
In May succeeding, Hotchkiss brought an action against K., H. & Co., No. 1 (the old firm), asking for an account, which resulted in a recovery by him in the sum of $4914.50. *654 It also appears that on the 24th of December, 1883, the interest of Hotchkiss in any recovery which might be made in his action against the firm No. 1 was transferred to his attorneys, E. Ellery Anderson and Frederick H. Man, and to his brother, Benjamin P. Hotchkiss; and this' was long before the present action was begun. The plaintiff seems to think that by some principle of equity the money recovered by Hotchkiss from the old firm should be paid to the new one instead of being paid to Hotchkiss or his assignees.
His assignees asked by their motion to be made parties defendant to this action, and that they might have leave to appear and answer the complaint, which was done, and the injunction was dissolved.
The disposition made of it seems to be a perfectly proper one. The defendant Hotchkiss has no interest in the claim, having transferred it to the persons named, who took it, of course, subject to all the equities existing against it, if any whatever they may have been, and his assignees desired to be made parties. The plaintiff is a creditor at large, and the object of his action is to establish a lien upon the demand of Hotchkiss against the old firm which has been reduced to judgment, against all intervening equities. The facts did not disclose the existence of any lien for this demand in favor of the new firm, and its attempted assertion is confronted with the assignment made by Hotchkiss to Anderson & Man, already mentioned. -
The plaintiff’s remedy would seem to be against Hotchkiss for any sum which he owes to the new firm, and which must necessarily; spring out of a new state of facts, inasmuch as the original claim against Hotchkiss transferred to the new firm was enforced against him by the sale of his collaterals, and by suing him for the balance resulting from a charge of this amount. It is proper to observe that the new firm received exactly what it bought from the old firm, namely, a claim of $189,035 against Hotchkiss, secured by collaterals worth at the time the transfer was made $210,875.
Independently of all these facts the defendant Hotchkiss alleges in his answer that by reason of certain transactions of the new firm after the transfer of his account to them, he was greatly damaged, and that the whole balance due by him to them has been paid, and that there is a large balance of money due by the new firm to him.
Under these circumstances it seems to be beyond controversy that the disposition made of the motion in the court below was correct.
The order should be affirmed, with ten dollars costs and disbursements.
Daniels, J., concurs.